**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ARMSTRONG HOLMES,

        Plaintiff,

vs.

WARDEN HIGH DESERT PRISON, *et al.*,

        Defendants.

Case No. 3:08-cv-00564-LRH-RAM

ORDER

Plaintiff, an inmate proceeding *pro se*, has submitted a First Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#11). The Court has screened the complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed.

**I.     Screening Standard Pursuant to 28 U.S.C. § 1915A**

The Court must screen Plaintiff's complaint pursuant to 28 U.S.C. §1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of

poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28

(1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Screening of the Complaint**

Plaintiff names the following defendants in the caption of his amended complaint: Warden High Desert Prison, Director Nevada Prison System, Doctors High Desert Prison, Doctors NNCC Prison, Officer Aragon High Desert Prison, Officer Bauman NNCC Prison, and John Doe. In the defendants section of the complaint form, Plaintiff names the following defendants in their individual and official capacities: Unknown-Director over NV Prison System, Nevans-Warden High Desert Prison, Unknown-Medical Director over NV Prison Medical, Benidetti-Warden NNCC, and Long-Doctor NNCC. Plaintiff alleges that the defendants violated his constitutional rights under the First, Fourth, and Ninth Amendments. In his request for relief, Plaintiff states, "To be decided by jury!"

Plaintiff alleges three counts, all under the First, Fourth, and Ninth Amendments, wherein he complains that prison officers, medical personnel, and wardens have harassed him due to his medical condition. He states that officers have taken his medical devices without doctors' orders, wardens denied his grievances, and medical personnel allowed officers and prison officials to interfere with his medical needs. He also states that officers are making "perjury reports," and medical personnel are not seeing him for follow up visits.

Plaintiff filed this First Amended Complaint pursuant to the Court's prior Order (# 9), which screened his original complaint and dismissed it with leave to amend. The Court found that the complaint was vague and did not comply with Federal Rule of Civil Procedure 8(a)(2). The Court also gave Plaintiff guidance as to the applicable legal standards regarding conditions of confinement and deliberate indifference claims under the Eighth Amendment.

It appears that the gravamen of Plaintiff's First Amendment Complaint involves issues of conditions of confinement and deliberate indifference. However, Plaintiff has not alleged claims under the Eighth Amendment, but rather the First, Fourth, and Ninth Amendments, even though the Court previously specifically elaborated on the applicable law for making such claims under the Eighth

Amendment.

### III.  Conclusion

Based on the foregoing reasons, the Court finds that Plaintiff fails to state a claim in his First Amended Complaint upon which relief may be granted. Accordingly, Plaintiff's First Amended Complaint must be dismissed. Having already given Plaintiff sufficient information to cure the deficiencies in his prior complaint, and Plaintiff's failure to do so, the Court further finds that amendment would be futile.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** Plaintiff's First Amended Complaint (#11).

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint is **DISMISSED with prejudice for failure to state a claim upon which relief may be granted.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** this case and **ENTER JUDGMENT ACCORDINGLY**.

DATED this 2nd day of March, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE